UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| VICKIE WRIGHT, individually and as next friend and wife of David Wright, deceased,<br><br>       Plaintiff,<br><br>v.<br><br>SEVIER COUNTY, TENNESSEE, *et al.*,<br><br>       Defendants. | No.: 3:24-CV-220-TAV-DCP |

| |
|---|
| BART TYNER,<br><br>       Counter-Plaintiff,<br><br>v.<br><br>VICKIE WRIGHT,<br><br>       Counter-Defendant. |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff/counter-defendant Vickie Wright's Motion for Judgment on the Pleadings [Doc. 49] and counter-plaintiff Bart Tyner's Motion for Leave to Amend Complaint in Response to Wright's Motion for Judgment on the Pleadings [Doc. 65]. Wright responded in opposition to Tyner's motion [Doc. 69]. Accordingly, these matters are ripe for resolution. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, counter-plaintiff's Motion for Leave to Amend Complaint in Response to Plaintiff/Counter-Defendant's Motion for Judgment on the Pleadings [Doc. 65] will be **DENIED**, plaintiff/counter-defendant's Motion for Judgment on the Pleadings

[Doc. 49] will be **GRANTED**, and Tyner's counterclaim against Wright will be **DISMISSED**.

I.   Background

Tyner filed his counterclaim against Wright on July 31, 2024 [Doc. 29]. He alleges that Wright negligently, recklessly, and intentionally allowed her brother, Daryl Higdon, to remain in her home despite knowing that he posed a risk to others, which culminated in Higdon shooting and injuring Tyner [*See* Doc. 65-1]. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), he therefore was permitted leave to amend this pleading as a matter of course until August 21, 2024; but he declined to do so. On February 6, 2025, Wright moved for judgment on the pleadings, raising arguments that are at issue in the instant pending motions [Doc. 49]. In brief, Wright argues that Tyner's claim against her fails as a matter of law due to Tennessee's adoption of the fireman's rule [*Id*.]. Pursuant to Local Rule 7.1(a), Tyner was permitted to file responsive briefing to Wright's motion on or before February 27, 2025; but, again, he declined to do so. *See* E.D. Tenn. L.R. 7.1(a). On March 20, 2025, Tyner filed his instant motion for leave to amend his counterclaim to account for the fireman's rule arguments raised by Wright [Doc. 65; *see also* Doc. 65-1].

Wright opposes Tyner's proposed amendment on several grounds [Doc. 69]. First, she argues that amendment would be futile because the counterclaim would not survive a motion to dismiss [*Id*. at 5]. Specifically, she contends that "there is no plausible inference that [she] owed a duty to Tyner to warn him about the presence of Higson at [her] home," such that Tyner cannot make out a prima facie case regardless of whether the fireman's

rule applies [*Id.* at 7–8]. Additionally, Wright argues that Tyner has failed to plead sufficient facts for his claim to be facially plausible [*Id.* at 8–11]. Alternatively, she reiterates that the fireman's rule should apply to this case because it "exemplifies a situation where a police officers [*sic*] assumed a known and inherent risk of the job" [*Id.* at 12].

II.  **Motion to Amend the Counterclaim**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Given Wright's opposition to Tyner's request, the Court must determine whether to grant leave on grounds that "justice so requires." In making this determination, the Court "has discretion to deny a motion to amend for a variety of reasons, such as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.'" *Newland v. Wells Fargo Bank, N.A.*, No. 3:15-CV-309, 2019 WL 293373, at *4 (E.D. Tenn. Jan. 23, 2019) (Reeves, J.) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that Tyner unduly delayed in raising his request, risking undue prejudice to Wright at this stage of the litigation. *See Newland*, 2019 WL 293373, at *4. The Federal Rules of Civil Procedure and the briefing schedule set forth in the Local Rules of this District are designed in part to facilitate timely briefing and adjudication of motions. As this Court has ruled before, "a party prejudices his opponent by missing the court's

3

scheduled deadlines and waiting until after dispositive motions are filed before introducing new legal theories." *Id*. at *5 (citing *Priddy v. Edelman*, 883 F.2d 438, 446–47 (6th Cir. 1989)). Amendment is unwarranted on this basis alone.

Tyner's tardiness in amending his counterclaim and/or responding to Wright's pending motion notwithstanding, the Court alternatively finds that his proposed amendment is futile. *See id*. at *4. "A proposed amendment is considered 'futile' when it would not survive a motion to dismiss." *Id*. (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015)). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Returning to Tyner's counterclaim, the Tennessee Supreme Court has recognized a "policemen and firemen's rule" that "precludes firefighters and police officers from recovering damages for injuries arising out of risks peculiar to their employment." *Carson v. Headrick*, 900 S.W.2d 685, 687 (Tenn. 1995). Tennessee courts recognize an exception to the rule barring recovery, where "a police officer is injured by the intentional, malicious, or reckless acts of a citizen." *Id*. at 690–91. Here, Tyner does not appear to allege that Wright acted maliciously to injure him; rather, he alleges that she acted intentionally and recklessly because "she was aware but consciously disregarded a substantial and unjustifiable risk of harm to others" [Doc. 65-1 ¶ 9]. Specifically, Wright allegedly disregarded her brother Daryl Higdon's "felon status, violent propensities, and weapons" [*Id*.]. These allegations, even if proven true, do not exempt this claim from the fireman's rule.

The *Carson* court's analysis is instructive. There, two patrol officers responded to a report of domestic violence by the defendant whose husband shot and wounded the officers as they arrived at the defendant's home. *Carson*, 900 S.W.2d at 686–87. In response to the defendant's invocation of the fireman's rule, the officers argued, as here, that she had failed to properly warn them of her husband's propensity for violence. *Id*. at 687. The Tennessee Supreme Court held that "[a]t most, the defendant's failure to relay this information amounts to only simple negligence and is not sufficient to support a finding

5

of intentional, malicious, or reckless misconduct," noting that she had informed the 911 dispatcher that her husband "had been violent in the past, had recently been drinking, and possessed hunting weapons." *Id*. at 691.  Unlike the officers in *Carson* who responded to a 911 call, Tyner alleges that Higdon "evaded law enforcement and drew law enforcement to [Wright's] property," suggesting that Tyner was already on notice that Higdon was resisting apprehension and could pose a threat [*See* Doc. 65-1 ¶ 9].  As in *Carson*, any failure on Wright's part to further alert officers to the danger posed by Higdon or to allow her brother to "stay in the home and possess and harbor firearms," [*Id*.] "is not sufficient to support a finding of intentional, malicious, or reckless misconduct[.]"  *Carson*, 900 S.W.2d at 691.

In conclusion, Tyner's proposed amendment is futile because this claim is barred by Tennessee's fireman's rule and therefore would not survive a motion to dismiss. Additionally/alternatively, his request for leave is due to be denied because it is untimely and would unduly prejudice his opponent.  *See Newland*, 2019 WL 293373, at *4–5. Therefore, the Court hereby **DENIES** counter-plaintiff's Motion for Leave to Amend Complaint in Response to Plaintiff/Counter-Defendant's Motion for Judgment on the Pleadings [Doc. 65].

### III. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review for a Rule 12(c) motion is the

6

same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)). Given the Court's determination that Tyner's proposed amendment is futile because it would not survive a motion to dismiss (*see supra* Section II), plaintiff/counter-defendant's Motion for Judgment on the Pleadings [Doc. 49] is hereby **GRANTED**. Tyner's counterclaim against Wright is therefore **DISMISSED**.

### IV. Conclusion

For the reasons explained above, counter-plaintiff's Motion for Leave to Amend Complaint in Response to Plaintiff/Counter-Defendant's Motion for Judgment on the Pleadings [Doc. 65] is **DENIED**, plaintiff/counter-defendant's Motion for Judgment on the Pleadings [Doc. 49] is **GRANTED**, and Tyner's counterclaim against Wright is **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE