| | | |
|---|---|---|
| VICKIE WRIGHT, individually and as next friend and wife of David Wright, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 3:24-CV-220-TAV-DCP |
| SEVIER COUNTY, TENNESSEE, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Amended Unopposed Motion to Take the Deposition of Daryl Higdon Pursuant to Fed. R. Civ. P. 30(a)(2)(B) ("Amended Motion") [Doc. 97]. By way of background, on May 28, 2025, the Court provisionally granted leave to take the deposition of Daryl Higdon ("Mr. Higdon"), who is incarcerated [Doc. 82]. The Court provisionally granted the motion because Defendants did not serve Mr. Higdon with a copy of their motion [*Id*. at 2]. Later, defense counsel reported to Chambers via email that the parties had agreed to reschedule this deposition, and therefore, the Court denied the motion as moot [Doc. 85].

Defendants now seek leave to depose Mr. Higdon [Doc. 97]. They intend to take his deposition on January 8, 2026, at the Trousdale Turner Correctional Center [*Id*. at 1]. According to Defendants, on May 12, 2023, Defendant Officer Jacob Reece attempted a traffic stop on a vehicle registered to Mr. Higdon [*Id*.]. Later, officers visited a residence, where "Mr. Higdon exchanged gunfire with the Defendant law enforcement officers on the scene" [*Id*. at 2]. "During

the exchange of gunfire," Defendants state that "David Wright was shot and killed" [*Id*.]. Defendants assert that they need Mr. Higdon's deposition "to discover information regarding his recollection of the incident of May 12, 2023" [*Id*.]. Defendants submit that "[t]he parties have coordinated with the office of the Warden of Trousdale Turner Correctional Center to confirm the date and time to conduct the deposition of Mr. Higdon and to take reasonable steps to ensure the process will be minimally disruptive to operation of that facility" [*Id*.].

A party must obtain leave of court to depose a witness confined in prison, *see* Fed. R. Civ. P. 30(a)(2)(B), and the Court must grant leave to the extent the request is consistent with Rule 26(b)(1) and (2), *see* Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) and (2) provide for the scope of discovery and the limitations on frequency and extent. Fed. R. Civ. P. 26(b)(1) & (2). Given that Mr. Higdon was a witness to the underlying incident, the Court finds Defendants' request is consistent with Rule 26(b)(1) and (2).

It is not clear, however, whether Defendants served Mr. Higdon with their motion [*See* Doc. 97 p. 3]. The Court **ORDERS** them to do so and to file proof of service on or before **December 16, 2025**. Given that, the Court **PROVISIONALLY GRANTS** the motion [**Doc. 97**]. To the extent Mr. Higdon objects to his deposition being taken, the Court will consider those objections in due course.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

2