# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

VICKIE WRIGHT, individually and as next )
friend and wife of David Wright, Deceased, )
)
        Plaintiff, )
)
v. :     Case No.  3:24-CV-220-TAV-DCP
)
SEVIER COUNTY, TENNESSEE, *et al.* )       JURY DEMANDED
)
        Defendants. )

## DECLARATION OF WAYNE A. RITCHIE II
## IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND

I, Wayne A. Ritchie II, respectfully submit the following declaration:

1.     I am lead counsel for Plaintiff.

2.     At no time in the careers of the attorneys practicing civil law at this firm has this firm devoted more time, energy, and resources to pending cases before this Court, as well as cases before courts in other matters, than in the last 12 months.

3.     Plaintiff's counsel has faithfully exercised diligence in this case as an officer of this Court and has worked with defense counsel cooperatively to schedule discovery as promptly as possible.

4.     The parties in this case have completed numerous depositions, including the depositions of all parties, and have completed at least most of the discovery of documents and information throughout these past several months. Plaintiff recently served expert disclosures. No expert depositions have been taken.

5.     Among those depositions, counsel completed the deposition of the City of Sevierville right before the holidays, and of third-party Daryl Higdon (which had to be arranged

by defense counsel by court order) on January 8, 2026. The transcripts of those depositions were received less than a month ago.

6. Plaintiff has not been in a position to finalize an amended complaint to conform to the evidence obtained during discovery pending completion of those depositions both because of the need to confirm that testimony, as well as to avoid the potential of that testimony being consciously or subconsciously influenced by the proposed amendments.

7. Plaintiff's counsel contacted defense counsel recently and offered to consent to a joint motion to extend the deadline for filing dispositive motions so that any such motions would be filed a reasonable time period after Plaintiff sought the Court's permission to file an amended complaint ahead of the upcoming deadline to do so in the Scheduling Order.

8. Also, Plaintiff's counsel has been informed by defense counsel that at least one of the defendants plans to file a dispositive motion asserting qualified immunity and to take an immediate appeal if that motion is denied. Consequently, the trial could be postponed in any event. For these reasons, should the Court allow Plaintiff's proposed amended complaint, Plaintiff would have no objection to extending the deadline for any defendant to file a dispositive motion (or a renewed dispositive motion) sufficiently to allow any dispositive motion to address Plaintiff's proposed amended complaint. That way, both the pleadings and any dispositive motion filed by any defendant will conform to the evidence obtained during discovery.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February, 2026.

*s/Wayne A. Ritchie II*
WAYNE A. RITCHIE II

2