| | |
|---|---|
| VICKIE WRIGHT, individually and as next friend and wife of David Wright, Deceased, | ] ] ] |
| Plaintiff, | ] ] |
| v. | ] Case No. 3:24-cv-00220-TAV-DCP |
| SEVIER COUNTY, TENNESSEE, BART TYNER, MARK HUNTER, CITY OF SEVIERVILLE, TENNESSEE, JACOB REECE, JORDAN PAUL, NESTOR VEREZ, and JACOB RADEMACHER, | ] ] ] ] ] ] ] |
| Defendants. | ] ] |

## <u>MOTION FOR SUMMARY JUDGMENT ON BEHALF OF MARK HUNTER</u>

The defendant, Mark Hunter ("Deputy Hunter"), in his individual capacity, moves the Court for an Order granting him summary judgment pursuant to Federal Rule of Civil Procedure 56 on the basis of qualified immunity. Deputy Hunter asserts that there is no genuine issue of material fact and that the undisputed facts establish that he did not violate any constitutional rights of David Wright, deceased ("Mr. Wright") or Vickie Wright ("Mrs. Wright").

Under Count I, Deputy Hunter is entitled to qualified immunity under the first and/or second prongs of the qualified immunity test because his use of force that resulted in Mr. Wright's death was objectively reasonable or a reasonable officer in Deputy Hunter's position could have believed his actions were objectively reasonable.

Under Count II, Deputy Hunter is entitled to qualified immunity under the first or second prongs as to the claims of Mrs. Wright, in her individual capacity. With respect to her claims of seizure, Deputy Hunter firing his weapon towards her residence was not a Fourth Amendment

seizure, or a reasonable officer could have believed it was not a seizure. With respect to Deputy Hunter taking Mrs. Wright into custody, his conduct was objectively reasonable or a reasonable officer in his position could have believed it was objectively reasonable. With respect to Mrs. Wright's failure-to-intervene claim, that does not appear to apply to Deputy Hunter. With respect to Mrs. Wright's excessive force claim regarding the fact that she was struck by shrapnel from the bullet that hit her husband, that is a bystander claim under the Fourteenth Amendment's Substantive Due Process Clause. Deputy Hunter is entitled to qualified immunity under the first prong because his conduct did not violate the Substantive Due Process Clause. Alternatively, under the second prong a reasonable officer could have believed that his conduct was not violative of Mrs. Wright's constitutional rights. Next, Mrs. Wright asserts a claim of a failure to provide adequate medical treatment. Mrs. Wright's claim fails because she did not have a "serious medical need." In the alternative, Deputy Hunter is entitled to summary judgment under the first prong of the qualified immunity test because there is no evidence that he was deliberately indifferent to a serious medical need. Alternatively, Mrs. Wright cannot show that every reasonable officer, possessing the information known to Deputy Hunter, would have been on notice that he was being deliberately indifferent to a serious medical need.

Finally, Mrs. Wright, individually and on behalf of her deceased husband, has sued the individual officers under state law for assault and battery, and intentional infliction of emotional distress. Deputy Hunter is entitled to qualified immunity as to the state law claims for the same reasons he is entitled to qualified immunity as to the Section 1983 claims.

In support of this Motion for Summary Judgment, Deputy Hunter relies on excerpts from the Deposition of Vickie Wright, excerpts from the Deposition of Deputy Hunter, a Memorandum Brief, his Declaration, and his body camera recording, which is being manually filed with the

Court.

Respectfully submitted,


*s/ Jeffrey M. Ward*
JEFFREY M. WARD, BPR # 016329
HERRIN, McPEAK, SHEPARD & KETCHIE
P. O. Box 629
Johnson City, TN  37605-0629
423 929-7113
423 929-7114 facsimile
jward@hmsklaw.com

Attorney for defendant, Mark Hunter, in his individual capacity

3