UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

VICKIE WRIGHT, individually and as )
next friend and wife of David Wright, )
deceased, )
 )
Plaintiff, )
 )
v. ) No.: 3:24-CV-220-TAV-DCP
 )
SEVIER COUNTY, TENNESSEE, *et al.*, )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on plaintiff's Motion for Leave to Amend Complaint and Incorporated Memorandum of Law [Doc. 107]. Defendants responded [Doc. 123], and plaintiff replied [Doc. 125]. Accordingly, this matter is ripe for resolution. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, plaintiff's motion [Doc. 107] will be **GRANTED.**

## I.     Background

This action arises out of the death of plaintiff's husband, David Wright [Doc. 1]. The complaint alleges that on May 12, 2023, law enforcement officers approached plaintiff and Mr. Wright's home to execute a warrantless arrest of plaintiff's brother, Daryl Higdon [*Id.* ¶ 46]. Earlier that day, Jacob Reece, Sevierville Police Department ("SPD") officer, attempted to perform a traffic stop of Higdon [*Id.* ¶ 33]. Higdon failed to pull over, leading to a pursuit [*Id.*]. Officer Reece eventually ended the chase due to SPD's no-pursuit policy

[*Id.*]. Thereafter, six officers arrived at plaintiff and Mr. Wright's residence, where Higdon had been living temporarily, to arrest Higdon [*Id.* ¶¶ 46–48].

Plaintiff alleges that Officer Reece, SPD Officer Jordan Paul, SPD Officer Nestor Verez, SPD Sergeant Jacob Rademacher, and Sevier County Sheriff's Office ("SCSO") Deputy Mark Hunter, went to the rear of the home as Higdon was coming out to the back porch [*Id.* ¶¶ 48–50]. Upon seeing the approaching officers, Higdon retreated into the house [*Id.* ¶ 54]. Then, Officer Reece and SCSO Sergeant Bart Tyner approached the front door, knocked, and yelled at Higdon to come to the door [*Id.* ¶ 54]. Mr. Wright opened the door and confirmed that Higdon was in the house [*Id.* ¶ 59]. Sergeant Tyner then saw Higdon with a rifle and ordered him to put it down [*Id.* ¶ 61]. Higdon continued to hold the rifle, and Sergeant Tyner fired his weapon at Higdon twice [*Id.* ¶ 62]. The officers and Higdon exchanged several rounds of fire [*Id.* ¶¶ 63–67].

Plaintiff and Mr. Wright retreated to their bedroom [*Id.* ¶ 64]. More than 20 bullets were fired at the side of the home where plaintiff and Mr. Wright's bedroom was located [*Id.* ¶¶ 68, 69]. After the shooting stopped, plaintiff and Mr. Wright exited the bedroom [*Id.* ¶¶ 73–74]. Sergeant Tyner asked where Higdon was, and Mr. Wright told him that Higdon was on the back porch [*Id.* ¶ 74]. As Mr. Wright led plaintiff through the front of the home, Deputy Hunter shot and killed Mr. Wright, and a bullet fragment from that shot struck plaintiff in the face [*Id.* ¶¶ 75–76].

Mrs. Wright filed this action on May 10, 2024, individually and as next friend and wife of Mr. Wright, alleging federal constitutional violations against all defendants for recklessly endangering and unreasonably seizing plaintiff and Mr. Wright (Counts I and

2

II) [*Id.* ¶¶ 84–93]. Further, plaintiff brings *Monell*[1] claims pursuant to 42 U.S.C. § 1983 against both Sevier County and the City of Sevierville based on an unconstitutional policy, practice, or custom and failure to train or supervise for using deadly force (Counts III through VI) [*Id.* ¶¶ 94–143]. Additionally, plaintiff brings claims against all individual defendants for assault and battery (Count VII) and intentional and/or reckless infliction of emotional distress (Count VIII) and punitive damages (Count XI) [*Id.* ¶¶ 144–53].

On February 5, 2026, plaintiff filed a Motion for Leave to Amend Complaint, attaching the proposed amended complaint [Docs. 107, 107-1]. In her amended complaint, plaintiff replaced the assault and battery claim with a new claim against the individual defendants and Sevier County, alleging wrongful death of Mr. Wright and personal injuries to plaintiff in the zone of danger [Doc. 107-1 ¶¶ 215–28]. Further, plaintiff added several more factual details, photos, body camera footage, and video evidence [*Id.*]. The next day, defendants filed four motions for summary judgment [Docs. 110, 112, 115, 117].

## II.     Legal Standard

"After the twenty-one-day period during which a party may amend as a matter of course, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Lewis v. Walker*, No. 3:16-CV-486, 2017 WL 3613033, at *4 (E.D. Tenn. Aug. 22, 2017) (quoting Fed. R. Civ. P. 15(a)(2)). Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave is appropriate '[i]n the absence of . . . undue delay, bad faith or

---

[1] *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.'" *Lewis*, 2017 WL 3613033, at *4 (quoting *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003)).

### III.    Analysis

#### A.    Bad Faith, Undue Delay, and Prejudice

Plaintiff first contends that her motion is timely and is not filed in bad faith or for dilatory purposes [Doc. 107, p. 4].  In support, plaintiff submits that the amendment and discovery deadlines have not yet passed [*Id.*].  Plaintiff's counsel also filed a declaration in support, in which he states that "[a]t no time in the careers of the attorneys practicing civil law at this firm has this firm devoted more time, energy, and resources to pending cases before this Court, as well as cases before courts in other matters, than in the last 12 months" [Doc. 108, p. 1].  Plaintiff's counsel asserts that he has exercised diligence and has worked cooperatively with defense counsel to conduct discovery in this case [*Id.*]. Further, plaintiff's counsel asserts that several depositions were completed shortly before the holidays, with Higdon's deposition on January 8, 2026, and he received transcripts less than one month prior to requesting leave to amend [*Id.* at 12].

As a result, plaintiff's counsel argues that he has not been able "to finalize an amended complaint to conform to the evidence obtained during discovery pending completion of those depositions" due to the need to confirm the testimony and to avoid the chance that the testimony will be influenced by the proposed amendments [*Id.* at 2]. Plaintiff also states that the amended complaint will not cause undue prejudice because the

4

discovery cutoff has not passed [Doc. 107, p. 6]. Plaintiff's counsel notes that he proposed a joint motion to defense counsel extending the deadline for filing dispositive motions, but defense counsel refused [*Id.*].

Defendants respond that although plaintiff's motion was timely, her undue delay places an unfair burden on defendants [Doc. 123, p. 4]. Specifically, defendants argue that the incident giving rise to this suit occurred on May 12, 2023, and the complaint was filed on May 10, 2024, more than 20 months ago [*Id.* at 4–5]. Defendants contend that plaintiff has had access to videos of the incident that led to this suit for more than a year, and depositions of the individual defendants were completed by May of 2025 [*Id.* at 5]. They argue that counsel's busy schedule does not excuse the delay [*Id.*]. Defendants also assert that the proposed amended complaint will cause prejudice because plaintiff knew that defendants would file summary judgment motions when she requested leave to amend [*Id.*]. In addition, defendants represent that the proposed amendment would require them to submit supplemental written discovery requests and/or responses, re-depose witnesses, submit new or supplemental expert disclosures, and re-draft dispositive motions [*Id.*]. They argue that Count VII is a new cause of action in the proposed amended complaint that would require plaintiff to be deposed again [*Id.* at 5–6]. Lastly, defendants submit that plaintiff intentionally delayed amending the complaint for gamesmanship to conceal claims and theories from defendants [*Id.*].

In reply, plaintiff submits that defendants do not dispute that the motion for leave to amend was timely or that transcripts from key depositions were available less than one month before the motion was filed [Doc. 125, p. 1]. Plaintiff counters that defendants have

5

not shown any undue prejudice because they have not described the subject matter of any additional discovery or any details of alleged expenditures of time or resources that would be necessary [*Id.* at 4]. Additionally, plaintiff argues that Count VII merely adds a state law claim arising out of the same events that were described in the initial complaint and were subject to extensive discovery [*Id.* at 5]. Plaintiff submits that defendants have not explained why plaintiff would need to be deposed again [*Id.*].

"The Court evaluates undue delay and prejudice together." *McEntyre v. Intuit, Inc.*, No. 25-CV-11805, 2026 WL 1018630, at *3 (E.D. Mich. Apr. 15, 2026). At the outset, the Court notes that "delay alone does not justify denial of a motion brought under Rule 15(a)." *Custard Hut Franchise LLC v. H&J Jawad LLC*, 697 F. Supp. 3d 723, 729 (E.D. Mich. Oct. 11, 2003) (citing *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995)); *see also Cordle v. Enovis Corp.*, No. 0:23-CV-93, 2024 WL 1432455, at *3 (E.D. Ky. Jan. 11, 2024) (stating that "the Sixth Circuit has routinely held that delay alone is not enough to bar a motion to amend").

"For delay to be undue, there must be at least some significant showing of prejudice to the opponent." *Mcllwain v. Berry*, No. 3:23-CV-130, 2024 WL 4729311, at *6 (W.D. Ky. Nov. 8, 2024) (internal quotation marks and citations omitted). "Courts have found prejudice where plaintiffs have sought leave to amend after discovery has closed or the dispositive motions deadline has passed." *Id.* Moreover, "Rule 15 . . . does not establish a deadline within which a party must file a motion to amend." *Custard Hut Franchise LLC*, 697 F. Supp. 3d at 729 (citation omitted). However, if "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to

6

move earlier." *Id.* (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).

In this case, the Court does not find evidence of undue delay or a significant showing of prejudice. When plaintiff filed her motion for leave to amend on February 5, 2026 [Doc. 107], the trial was scheduled to commence on July 7, 2026 [Doc. 84]. Thus, although an amended complaint could cause undue delay if "it is filed . . . only days before trial[,]" plaintiff's motion for leave to amend was filed well in advance of trial. *McComb v. Ross*, 202 F. Supp. 3d 11, 20 (D.D.C. 2016) (internal quotation marks and citation omitted).

Further, the scheduling order in this case provides that "[a]t least one hundred and fifty (150) days before trial all motions for leave to amend the pleadings and add parties must be filed" [Doc. 21, p. 5]. It also provides that "[a]ll discovery, including the taking of depositions 'for evidence,' shall be completed by one hundred and twenty (120) days before trial[,]" and "[a]ll dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed . . . no later than one hundred and fifty (150) days before trial" [*Id.* at 3, 5].

Thus, the discovery, dispositive motion, and amendment deadlines had not yet passed when plaintiff filed her motion for leave to amend [*See* Docs. 21, 84]. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (denying a leave to amend because "discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed"); *see also Dickson v. McMahill*, No. 2:25-CV-2152, 2026 WL 1653190, at *1 (D. Nev. June 8, 2026) ("There is also no undue delay because the plaintiff filed his motion before the amendment deadline."); *Dempsey v. Jason's*

7

*Premier Pumping Servs., LLC*, No. 15-CV-703, 2015 WL 4761191, at *2 (D. Colo. Aug. 13, 2015) (finding that there was no undue delay in part because the plaintiff sought leave to amend the complaint prior to the amendment deadline).  Moreover, defendants filed their motions for summary judgment [Docs. 110, 112, 115, 117] after plaintiff filed the motion for leave to amend [Doc. 107].  *See Szoke v. United Parcel Serv. Of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) ("We have held that a defendant suffers substantial prejudice when a plaintiff waits until *after* the filing of a summary judgment motion to file a motion to amend.") (emphasis added).  Therefore, defendants' contention that plaintiff had notice of their summary judgment motions at the time of filing is immaterial because the motion to amend was timely.  *See Dyer v. Wiregrass Hospice, LLC*, 532 F. Supp. 2d 933, 935 (M.D. Tenn. 2008) (stating that "there is no reason to conclude that the motion to amend was unduly delayed" because the motion was timely filed).

And although plaintiff initially filed this action on May 10, 2024 [Doc. 1], this case is unlike *Elkins*, in which the court found undue delay because a motion to amend was filed "five years after the initial complaint and after discovery had closed."  *Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012).  Here, plaintiff's motion was timely filed before the close of discovery, and less than two years after the initial complaint was filed [*See id.*; Doc. 107].  Additionally, plaintiff's counsel stated that he was unable to finalize an amended complaint sooner because several depositions occurred shortly before the holidays, with Higdon's deposition occurring less than one month before plaintiff requested leave to amend [Doc. 107, p. 4].  Plaintiff's lack of access to key deposition transcripts, confirmation of the deposition testimony, and intent to avoid the chance that

8

the testimony will be influenced by the proposed amendments weighs against a finding of undue delay. Thus, while plaintiff's counsel's heavy workload alone does not excuse any delay in filing a motion to amend, the Court determines that plaintiff has otherwise provided sufficient reasons for the delay.

Likewise, defendants have not shown that the addition of Count VII in the proposed amended complaint will cause significant prejudice. Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading[.]" In addition, "[c]ourts have found undue prejudice where a proposed amended complaint alleges new claims which relate to a different time period and an entirely different set of facts, as well as where it brings new claims that would require significant new discovery." *U.S. ex rel. Yahsi v. Festo Didactic, Inc.*, No. 1:22-CV-478, 2026 WL 607953, at *2 (S.D. Ohio Mar. 4, 2026) (citations omitted).

In contrast, Count VII in plaintiff's proposed amended complaint asserts a wrongful death and personal injury claim under Tennessee law arising out of the same events, time-period, and facts as set forth in the initial complaint. Both Count VII in the proposed amendment and the initial complaint are based on a single incident in which officers arrived at plaintiff's home on May 12, 2023, and ultimately used force that led to Mr. Wright's death and plaintiff's injuries [Doc. 1 ¶¶ 1–16; Doc. 107-1 ¶¶ 215–28]. *See Ginsberg v. Gov't Props. Tr., Inc.*, No. 07-CV-365, 2008 WL 3833876, at *2 (S.D.N.Y. Aug. 13, 2008) (granting a motion to amend a complaint here "the claims in the proposed amendment arise

9

out of the same agreement that is the subject of the underlying complaint-thereby minimizing the need for significant additional discovery").  And given that extensive discovery related to this matter has occurred, any remaining discovery appears to be minimal.  Moreover, defendants have not explained why any additional discovery would be necessary or why plaintiff would need to be deposed again in light of the amended complaint.  Thus, the Court finds that allowing plaintiff to amend her complaint will not unduly prejudice defendants.

Additionally, the Court finds no evidence of "bad faith or dilatory motive" on plaintiff's part.  *Leary*, 349 F.3d at 905.  Rather, defendants' assertion that plaintiff intentionally delayed amending the complaint for gamesmanship and to conceal information is conclusory and unsupported.  Courts have rejected similar conclusory allegations of bad faith.  *See e.g., Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 453–54 (S.D.N.Y. 2016) (finding no evidence of bad faith where the defendants argued that the plaintiff's delay in amending her complaint was a tactic meant to burden them); *Blagman v. Apple, Inc*., No. 12-CV-5453, 2014 WL 2106489, at *3 (S.D.N.Y. May 19, 2014) ("To the extent that the defendants claim that [plaintiff's] delay was strategic . . . they provide no showing of bad faith apart from the delay itself.").  Accordingly, defendants have not shown undue delay, bad faith, or prejudice on the part of the plaintiff.

### B.    Futility

In her motion for leave to amend, plaintiff argues that the proposed amendment is warranted so that she can: (1) plead the facts in more detail, based partially on information that was produced in discovery, including body camera footage and other video; (2) assert

10

additional claims that comport with facts learned in discovery; and (3) plead her claims in conformity with *Barnes v. Felix*, 605 U.S. 73 (2025), which was issued after this case was filed [Doc. 107, p. 1]. Plaintiff states that *Barnes* abrogates the Sixth Circuit's segmented approach, and the Sixth Circuit now considers all "all of the events proceeding a use of deadly force when conducting a totality of the circumstances inquiry" [*Id.* at 5–6 (quoting *Romero v. City of Lansing*, 159 F.4th 1002, 1009 (6th Cir. 2025)].

Defendants contend that the proposed amended complaint is futile because it would not survive a Rule 12(b)(6) motion to dismiss, and it contains "multiple conclusory statements in support of vague claims" [Doc. 123, pp. 1, 6]. Defendants argue that claims against individual defendants other than Hunter cannot survive a motion to dismiss because only Deputy Hunter fired a shot that injured plaintiff or Mr. Wright [*Id.*].[2] Defendants also contend that Sergeant Tyner only fired after Higdon refused orders to drop his firearm, Officer Paul and Officer Verez returned fire at Higdon who was actively firing at them, and Sergeant Rademacher and Officer Reece never fired their weapons [*Id.*]. Defendants also counter that several videos included by plaintiff in the amended complaint were not produced by defendants in discovery [*Id.* at 3].

In reply, plaintiff states that defendants have failed to establish that the proposed amended complaint would be futile or that any claim fails to state a claim upon which relief could be granted [Doc. 125, p. 6]. Plaintiff asserts that defendants' argument is underdeveloped as they have not provided any meaningful analysis or authority [*Id.*].

---

[2] Defendants do not concede that one or more claims against Deputy Hunter could survive a motion to dismiss [Doc. 123, p. 6].

A request to amend a complaint is futile "if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). "A district court has discretion to deny a motion to amend if the amendments are futile." *Lewis*, 2017 WL 3613033, at \*4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). To determine whether an amendment would survive a motion to dismiss, the Court "must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of plaintiff, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face'." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016) (quoting *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015)).

Here, defendants' opposition does not address any specific, newly pleaded allegations in the proposed amended complaint or direct the Court to any alleged "conclusory statements" [*See* Doc. 123, p. 6]. Instead, defendants broadly assert that the proposed amended complaint is futile in its entirety [*Id.*]. However, defendants have not filed a motion to dismiss the allegations contained in the initial complaint, and the Court "has discretion to deny a motion to amend if the *amendments* are futile." *Lewis*, 2017 WL 3613033, at \*4 (citing *Foman*, 371 U.S. at 182) (emphasis added). Thus, viewing the proposed amended complaint "in the light most favorable to plaintiff," defendants have not

12

shown that the amended complaint would be entirely futile. *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

At best, defendants' futility argument challenges the viability of claims against officers other than Deputy Hunter [*See* Doc. 123]. To the extent that defendants challenge plaintiff's amendment to Count VII, alleging wrongful death of Mr. Wright and personal injuries to plaintiff, defendants have not shown that such claim against Sergeant Tyner, Officer Reece, Officer Verez, Sergeant Rademacher, or Officer Paul fails to state a plausible claim for relief [*See* Doc. 107-1 ¶¶ 215–28]. In the amended complaint, plaintiff brings her wrongful death action pursuant to Tennessee Code Annotated §§ 20-5-106, 20-5-107, and 20-5-113, "and other relevant and applicable statutes and common law" [*Id.* ¶ 13].

In Tennessee, "wrongful death actions are statutory[.]" *Beard v. Branson*, 528 S.W.3d 487, 505 (Tenn. 2017). Tennessee Code Annotated § 20-5-106(a) provides that "[t]he right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall . . . pass to the person's surviving spouse[.]" Similarly, Tennessee Code Annotated § 20-5-107(a) states that "[t]he action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name[.]" Lastly, Tennessee Code Annotated § 20-5-113 provides that, "[w]here a person's death is caused by the wrongful act, fault or omission of another and suit is brought for damages, as provided for by §§ 20-5-106 and 20-5-107, the party suing shall, if entitled to damages, have the right to recover for the mental and

13

physical suffering, loss of time and necessary expenses resulting to the deceased from the personal injuries[.]"

In this case, the amended complaint sufficiently states a claim for wrongful death under Tennessee Code Annotated § 20-5-106(a). First, the amended complaint alleges that plaintiff is the surviving spouse of Mr. Wright [Doc. 107-1 ¶ 12]. Second, it alleges that the wrongful acts or omissions of Sergeant Tyner, Officer Reece, Officer Verez, Sergeant Rademacher, or Officer Paul, in part, caused Mr. Wright's death [*Id.* ¶¶ 222–24]. Specifically, plaintiff alleges that "the individual officers" acted in concert by surrounding plaintiff and Mr. Wright's home without a warrant, drawing weapons, and threatening to forcibly enter, thereby setting into motion events that "caused and foreseeably led to the wrongful death of [Mr. Wright] and horrific trauma and injuries to [plaintiff]" [*Id.* ¶ 216]. Further, the amended complaint alleges that Officer Paul and/or Officer Verez continued to shoot recklessly after Higdon stopped shooting, and Officer Paul, Officer Verez, and Sergeant Rademacher failed to intervene [*Id.* ¶ 218]. Thus, the Court finds that plaintiff has pleaded enough facts for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Peatross*, 818 F.3d at 240 (quoting *Coley*, 799 F.3d at 537). The Court also finds that the amended complaint sufficiently states a claim under Tennessee Code Annotated § 20-5-107(a), given that it clearly alleges that plaintiff is the surviving spouse of Mr. Wright [*Id.* ¶ 12]. Finally, plaintiff brings this suit for damages, alleging that Mr. Wright's death was caused by "the wrongful act, fault or omission of another[,]" as set forth in Tennessee Code Annotated § 20-5-113(a) [*Id.*

14

¶¶ 215–26]. For these reasons, the Court does not find that plaintiff's amendment of Count VII would be futile. *See Lewis*, 2017 WL 3613033, at *4 (citing *Foman*, 371 U.S. at 182).

Likewise, the Court cannot find that plaintiff's inclusion of body camera footage, videos, and related facts would be futile in light of the Supreme Court's decision in *Barnes*. 605 U.S. 73. To the contrary, this evidence is necessary for the Court to examine the events leading to the use of deadly force.

"An officer's use of excessive force violates the Fourth Amendment's protection against unreasonable seizures." *Romero*, 159 F.4th at 1008–09 (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). "Deadly force is objectively reasonable only 'when there is probable cause to believe that the suspect poses an immediate threat to the officer or to others.'" *Id.* at 1009 (quoting *Raimey v. City of Niles*, 77 F.4th 441, 448 (6th Cir. 2023)). To determine if a use of force is reasonable, "the Supreme Court has long instructed us to look at the 'totality of the circumstances.'" *Id.* (quoting *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)). "Until recently, [the Sixth Circuit] would break incidents involving the use of force into segments, and judge each on its own terms to see if the officer was reasonable at each stage." *Id.* (internal quotation marks and citations omitted).

In applying this approach, the Sixth Circuit would disregard the "events in the hours and minutes leading up to a deadly shooting." *Id.* In *Barnes*, the Supreme Court abrogated the segmented approach and now, courts "now consider 'all of the events preceding' a use of deadly force when conducting the totality-of-the-circumstances inquiry." *Id.* (quoting *Hodges v. City of Grand Rapids*, 139 F.4th 495, 518 (6th Cir. 2025)). As a result, courts now view video evidence showing a use of force comprehensively. *Id.* at 1009–10; *see*

15

*also Feagin v. Mansfield Police Dep't*, 155 F.4th 595, 609 (6th Cir. 2025) ("We do not evaluate a particular use of force by considering just one tile in the reasonableness mosaic.").

Applying these principles, the body camera footage and other video evidence depicting the officers' conduct leading up to the use of deadly force may be relevant to the totality of the circumstances analysis regarding the reasonableness of the use of force. Accordingly, defendants have not shown that the proposed amendments would be futile.

### C. Attorneys' Fees and Costs

Additionally, defendants argue that the continued prosecution of claims alleging excessive force and failure to intervene against officers who did not fire weapons or have a chance to intervene warrants an award of costs and attorneys' fees under 42 U.S.C. § 1988 and/or 28 U.S.C. § 1927 [Doc. 123, p. 6].

Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988. Further, pursuant to 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" 28 U.S.C. § 1927. "[A] district court may impose sanctions under § 1927 when it determines that 'an attorney reasonably should know that a claim pursued is frivolous.'" *Salkil v. Mt. Sterling Tp. Police Dep't.*, 458 F.3d 520, 532 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)).

16

There is no evidence in the record that plaintiff's counsel has multiplied the proceedings in this case "unreasonably and vexatiously." *See* 28 U.S.C. § 1927. To the contrary, plaintiff's counsel represents that he proposed a joint motion to defense counsel extending the deadline for filing dispositive motions to avoid the need to re-draft the motions [Doc. 107, p. 6]. Thus, the Court will not award defendants costs and attorneys' fees under 42 U.S.C. § 1988. Moreover, given that the Court has found that the proposed amended complaint would not be futile, it will not impose sanctions under 28 U.S.C. § 1927 for the alleged pursuit of "frivolous" claims.

### D.  Federal Rules of Civil Procedure

#### 1.  Rule 8

Defendants further contest the proposed amended complaint on the grounds that it does not comply with Federal Rule of Civil Procedure 8's mandate that the complaint contain a "short and plain statement" of relief [Doc. 123, p. 2]. Specifically, they argue the proposed complaint does not clearly articulate what is amended, adds almost 90 paragraphs, and doubles the page volume compared to the initial complaint [*Id.* at 1]. They argue that the proposed complaint lacks "concision and simplicity" partially due to its length [*Id.* at 3 (citing *Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021)].

Plaintiff counters that in *Kensu*, an inmate filed an 180-page complaint, and despite being allowed two chances to file amended complaints, he continued to include extraneous information [Doc. 125, p. 2]. Plaintiff distinguishes her amended complaint, stating that it recites the facts and claims in an organized manner [*Id.*]. She states that the amended

complaint is lengthy because this case involves multiple complex issues, as recognized by defendants in their recently filed motion to double the page limit for briefs [*Id.*].

Federal Rule of Civil Procedure 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" And "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Whether a complaint contains a short and plain statement of a claim depends on the totality of the circumstances, and "more complicated cases will generally require more pleading." *Kensu*, 5 F.4th at 651. "The key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id.* (internal quotation marks and citations omitted). However, "verbosity or length is not by itself a basis for dismissing a complaint based on rule 8(a)." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008).

Here, although plaintiff's proposed amended complaint is lengthy, it "is neither confusing nor incomprehensible and generally fulfills the purposes of Rule 8 by giving [d]efendants fair notice of [p]laintiffs' claims." *Id.* And unlike the complaint *Kensu*, which contained unnecessary background information and numerous irrelevant contentions, plaintiff's amended complaint sets out each claim in an organized fashion with bold headings and numbered paragraphs [*See* Doc. 107-1]. *See Kensu*, 5 F.4th at 648, 651. Further, plaintiff asserts multiple complex issues involving state and federal law, and the parties have engaged in extensive discovery, supporting a finding that this case is of the sort that "will generally require more pleading" [*See* Docs. 1, 102, 107-1, 125]. *See id.* at 651. Thus, the Court does not find that plaintiff's proposed amended complaint, albeit

18

lengthy, violates Rule 8.  *See* Fed. R. Civ. P. 8; *see also Hearns*, 530 F.3d at 1132–33 (finding an abuse of discretion to dismiss with prejudice a "long but intelligible" complaint that "allege[d] viable, coherent claims.").

### 2. Rule 10(c)

Lastly, defendants assert that the proposed amended complaint does not comply with Federal Rule of Civil Procedure 10(c) because includes 23 video exhibits, which are not "written instruments" [Doc. 123, p. 3].  Defendants argue that plaintiff cannot attach these videos to the proposed amended complaint because they constitute extraneous evidence [*Id.* at 3–4].

In response, plaintiff asserts that Rule 10(c) does not limit exhibits to written instruments, and other federal courts have recognized the propriety of using videos, pictures, and illustrations as exhibits to pleadings [Doc. 125, p. 3].  Plaintiff submits that the attached videos are not extraneous, as they help illustrate the events described in the amended complaint [*Id.* at 3–4].

Rule 10(c) provides that, "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."  Fed. R. Civ. P. 10(c). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  *Id.*  While this rule references "written instruments," several courts have endorsed the practice of using videos and photos as exhibits to pleadings.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608–09 (7th Cir. 2013) (permitting the plaintiff to physically attach a video recording to an amendment complaint); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012) (stating that it would make "eminently

19

good sense" to extent the Rule 10(c) incorporation-by-reference doctrine to videos); *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 782 (S.D. Ohio 2009) (considering pictures attached to a complaint as "part of the pleadings").

Given that courts have permitted the practice of using videos as exhibits to pleadings, defendants' argument that the proposed amended complaint violates Rule 10(c) is unavailing. *See* Fed. R. Civ. P. 10(c). And while "extraneous or evidentiary material . . . should not be attached to the pleadings[,]" the videos attached to plaintiff's proposed amended complaint appear to be central to her claims. *See Copeland v. Aerisyn, LLC*, No. 1:10-CV-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011) (quoting *Bowens v. Aftermath Ent.*, 254 F. Supp. 2d 629, 640 (E.D. Mich. 2003)).

In *Copeland*, the court determined that deposition excerpts and third-party notes attached as exhibits to the plaintiff's proposed complaint were "extraneous or evidentiary material." *Id.* Conversely, plaintiff in this matter attached videos of the events that formed the basis for several of her claims, including the Reece's initial pursuit of Higdon on May 12, 2023, the officers' arrival at plaintiff's home, and the shots fired [*See* Doc. 109]. Upon a review of the record, the Court finds that these videos are not "extraneous" or purely "evidentiary," but rather, they help illustrate the claims set forth in the proposed amended complaint. *See Copeland*, 2011 WL 2181497, at *1. Therefore, the Court finds that the proposed amended complaint complies with Rule 10(c), and plaintiff's Motion for Leave to Amend Complaint and Incorporated Memorandum of Law [Doc. 107] will be **GRANTED.**

### E. Pending Motions for Summary Judgment

Also pending before the Court are defendants' motions for summary judgment [Docs. 110, 112, 115, 117]. Although an amended complaint renders the prior complaint a nullity, a previously filed motion may still be considered, to the extent that the same alleged defects are contained in the amended complaint, *see Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499–500 (S.D. Ohio 2002) ("If . . . the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading" (internal quotation marks omitted)), the Court, in its discretion, may also deem previously filed motions to be moot. *See Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (stating that when an original complaint has been superseded, any motion to dismiss the claims in the original complaint is moot).

In this case, the Court finds it more appropriate to deny defendants' motions for summary judgment as moot, with leave to refile. Thus, for clarity of the record and efficient disposition of the claims, the parties should file new motions, to the extent that they remain appropriate, addressing the amended complaint. Accordingly, defendants' pending motions for summary judgment [Docs. 110, 112, 115, 117] are **DENIED as moot**, without prejudice for refiling.

### III. Conclusion

For all of the reasons above, plaintiff's motion [Doc. 107] is **GRANTED.** In light of this order, plaintiff is **DIRECTED** to file her amended complaint within **ten (10) days** of the entry of this order. Further, defendants' pending motions for summary judgment

21

[Docs. 110, 112, 115, 117] are **DENIED as moot**, without prejudice for refiling.  It is

hereby **ORDERED** that the trial, previously scheduled for August 18, 2026, and the final

pretrial conference, previously scheduled for August 11, 2026, are **CANCELLED.**

Further, the parties are **ORDERED** to jointly file a proposed amended scheduling order

within **ten (10) days** of the entry of this order.  As a result, plaintiff's Motion to Reset

Certain Deadlines and Request for a Brief Status Conference [Doc. 156] is **DENIED as**

**moot.**

　　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　s/ Thomas A. Varlan
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

22